UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
JOHN BRAVATA,                       )
                                    )
            Plaintiff,             )
                                    )
   v.                               )    Civil Action No. 14-1276 (TSC)
                                    )
SECURITIES AND EXCHANGE             )
COMMISSION,                         )
                                    )
            Defendant.             )
_____ )

## MEMORANDUM OPINION

This matter is before the Court on Defendant Securities and Exchange Commission's Motion to Dismiss, ECF No. 8. For the reasons discussed below, the motion will be granted.

### I.  BACKGROUND

This civil action proceeds as one brought by a single plaintiff, John Bravata, under the Privacy Act, *see* 5 U.S.C. 552a, against the Securities and Exchange Commission ("SEC").[1] To better understand the substance of Plaintiff's claim, it is helpful to review the criminal and civil proceedings brought against him:

> Defendants John Bravata and Richard Trabulsy operated BBC Equities, LLC and Bravata Financial Group, LLC. BBC Equities and Bravata Financial solicited contributions from

---

[1]  The Court treats the Complaint as if it were filed by and on behalf of John Bravata alone. Even though Antonio Bravata and Shari Bravata appear in the caption of the complaint, only John Bravata signed the complaint and submitted an application to proceed *in forma pauperis*. He may represent himself, but he cannot represent the interests of any other individual or corporate entity. *See* 28 U.S.C. § 1654; *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (individual "not a member of the bar of any court . . . may *appear pro se* but is not qualified to appear in [federal] court as counsel for others") (citation and footnote omitted).

1

> individuals, representing that the funds would be invested and specific returns would be realized . . . . [A]pproximately 440 individual investors transferred to BBC Equities and Bravata Financial funds totaling $52,943,630.  None of the defendants was a registered securities broker or dealer at the time.
>
> The records of the corporate defendants reveal that the returns paid out to (or reinvested for) earlier investors came not from proceeds earned by the companies' investments, but rather from funds contributed by later investors.  The records also show that the investors' money was used by the individual defendants to purchase several personal luxury items.

*SEC v. Bravata*, 3 F. Supp. 3d 638, 644 (E.D. Mich. 2014), *appeal docketed*, No. 14-1350 (6th Cir. Mar. 25, 2014).  The "type of investment structure" in which Plaintiff engaged "is commonly known as a pyramid or Ponzi scheme." *Id*. at 643.  A jury convicted him on "one count of conspiracy to commit wire and mail fraud, and fourteen counts of wire fraud," and Plaintiff is serving concurrent sentences of 240 months' incarceration on each count. *Id*. at 650.

In addition, Plaintiff was ordered to pay restitution of $44,533,437.86.  *Id*.  As a result of subsequent civil proceedings brought by the SEC against Plaintiff, he must "disgorge the $5,201,494.89 that [he] received as proceeds of the BBC Equities scheme, plus $1,251,074.02 in prejudgment interest," *id*. at 662, and pay a total fine of $1,820,000, *id*. at 663.[2]  Appeals of the criminal convictions are pending.  *See United States v. Bravata*, No. 13-2380 (6th Cir. filed Oct. 15, 2013); *United States v. Bravata*, No. 13-2591 (6th Cir. filed Nov. 25, 2013).

---

[2]  Plaintiff was charged with violations of:

> 15 U.S.C. §§ 77e(a) and (c) by selling unregistered securities (Count I); . . . 15 U.S.C. § 77q(a)(1) by employing a scheme to defraud to sell securities (Count II); . . . 15 U.S.C. §§ 77q(a)(2) and 77q(a)(3) by obtaining money or property through the use of false and fraudulent statements (Count III); . . . 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b–5 by employing a fraudulent scheme to sell securities (Count IV); and . . . 15 U.S.C. § 77o(a) by selling securities without registering as broker dealers (Count V).

*SEC v. Bravata*, 3 F. Supp. 3d at 651.

In May 2014, Plaintiff submitted to the SEC a document titled "FINAL NOTIFICATION OF VIOLATIONS OF COMMONLAW JURAL RIGHTS & SEC LAWS & REGULATIONS REGARDING CLASSIFICATIONS OF UNREGULATED PERSONS" and Certification of Identity.  Statement of P. & A. in Support of the Sec. & Exch. Comm'n's Mot. to Dismiss, ECF No. 8-1 ("Def.'s Mem."), Ex. A (emphasis in original).  Plaintiff opined that the SEC's "records contain harmful, injurious, inaccurate records" pertaining to him, and he declared his "right [to] demand . . . disclosures of all . . . records and files for inspection," particularly those that "wrongly and improperly" classified him 'as [an] 'unregistered broker'" who is subject to and had violated certain provisions of the Exchange Act.  *Id*., Ex. A.

Staff directed Plaintiff's Privacy Act request to the SEC's Office of Freedom of Information and Privacy Act Operations.  Def.'s Mem. at 6.  The SEC acknowledged receipt of the submission in writing and assigned the matter a tracking number (Request No. 14-00067-FOPA).  Compl., Ex. 4 (Letter to Plaintiff from Office of FOIA Services, SEC, dated June 9, 2014) (exhibit number designated by the Court).  Its response to Plaintiff in relevant part stated:

> Please be advised that the Certificate of Identity letter you provided is not acceptable for SEC purposes. In accordance with SEC requirements, to verify your identity you must include the first-party authorization necessary for continued processing.  Please note that under the Privacy Act, 5 U.S.C. § 552a(b), "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains . . . .
>
> In order to obtain the subject records, you must adhere to the SEC's regulation at 17 C.F.R. § 200.303 pertaining to the release of records under the Privacy Act.  For information concerning this regulation, please see the attached document.
>
> *Unless we receive an appropriate statement executed by yourself which expressly identifies the records requested, we cannot*

3

> *process your request.* In addition, please provide a copy of your photo identification in order for this office to verify your identity.
>
> Further, your request is unclear as to which records you are seeking from the SEC. Under 17 C.F.R. § 200.303(a)(1) "[e]ach request by an individual… for access to any record pertaining to the individual that is maintained by the SEC in a system of records, shall include such information as will assist the SEC in identifying those records as to which the individual is seeking information or access. Where practicable, the individual should identify the system of records that is the subject of his request by reference to the SEC's notices of systems of records." For your convenience, I have attached copies of the SEC's notices of systems of records. However, please note this information can also be found on the SEC's website . . . .

Def.'s Mem., Ex. B (Letter to Plaintiff from Felicia Taylor, FOIA Lead Research Specialist, SEC, dated June 18, 2014) at 2 (emphasis added). Accordingly, Plaintiff was directed to provide "verification of identity documentation, a description of the types of records [he sought], including the names of the Privacy Act systems of records [he] would like to receive and/or have corrected . . . no later than July 11, 2014." *Id.*, Ex. B at 2. The letter advised that the SEC would close the request without further notice if Plaintiff did not respond timely. *Id.*, Ex. B at 2.

Plaintiff deemed the SEC's response "unexceptable [sic]," Plaintiff['s] Response to the Securities and Exchange Commission[']s Motion to Dismiss, ECF No. 10 ("Pl.'s Opp'n), Ex. (Letter to SEC from Plaintiff dated June 20, 2014) at 1, yet he neither provided proof of his identity nor specified the system or systems of records he wanted to have searched. Rather, he demanded that the SEC produce documents it "reviewed and relied upon to come to the conclusions that [plaintiff] or his entities were running a Ponzi scheme," or that he "stole, depleted and or embezzled $50,000,000 dollars," or that he "used investor money . . . on luxury items," among others. *Id.*, Ex. A at 1-2.

4

Plaintiff alleges that SEC officers and employees "from about November 2008 to present . . . manufactured and egregiously falsified or overlooked truth as to inaccurate Records, Untimely formed Records, Incomplete Records, and in relation thereto at all times material . . . did exclude material, relevant, 1st hand information provided by the subject individual of the Records naming or referencing BRAVATA." Compl. ¶ 4; *see id.* ¶¶ 40.A-40.C. By "maintain[ing] inaccurate records and . . . continu[ing] to make and to promote the making of adverse determinations against [Plaintiff] based upon these inaccuracies," *id.* ¶ 43, the SEC allegedly violates the Privacy Act. Among other relief, Plaintiff demands amendment of the records. *See id.* ¶ 67.

## II.  DISCUSSION[3]

Generally, "[t]he Privacy Act regulates the collection, maintenance, use, and dissemination of information about individuals by federal agencies." *Wilson v. Libby*, 535 F.3d 697, 707 (D.C. Cir. 2008) (internal quotation marks and citations omitted). For example, subsection (e)(5) of the Privacy Act requires that an agency "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5). An individual may request access to and amendment of an agency's records or information in a system of records pertaining to him. *See id.* § 552a(d). That individual may file a civil action against an agency which "makes a determination . . . not to

---

[3] In light of Plaintiff's clarification that this action is brought under the Privacy Act alone, *see* Pl.'s Opp'n at 1, Counts II (Violations of Other Provisions of SEC Laws and Privacy Act), III (Violations of the APA by Failure to Use Remedies) and IV (Invidious Discrimination) will be dismissed.

amend an individual's record in accordance with his request," *id*. § 552a(g)(1)(A), or if the agency:

> fails to maintain any record concerning [him] with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to [him] that may be made on the basis of such record, and consequently a determination is made which is adverse to [him].

*Id*. § 552a(g)(1)(C).

### A.  *Plaintiff Did Not Exhaust Administrative Remedies*

"In order to bring a suit to amend records under the Privacy Act, a plaintiff 'must exhaust his or her administrative remedies.'" *Samtmann v. U.S. Dep't of Justice*, 35 F. Supp. 3d 82, 91 (D.D.C. 2014) (citing *Hill v. U.S. Air Force,* 795 F.2d 1067, 1069 (D.C. Cir. 1986) (per curiam)), *aff'd*, No. 14-5115, 2015 WL 236560 (D.C. Cir. Jan. 16, 2015) (per curiam).  The SEC moves to dismiss on the ground that Mr. Bravata "has not exhausted his administrative remedies and thus does not state a claim upon which relief can be granted."  Def.'s Mem. at 4.

SEC regulations set forth the means by which a requester may access and request amendment of records pertaining to him.  *See generally* 17 C.F.R. § 200.301 *et seq*.  A proper Privacy Act request to the SEC must be in writing and signed by the requester.  17 C.F.R. § 200.303(a).  The requester also must verify his identity.  *See id*. §§ 200.303(a), 200.306(a).  The request "shall include such information as will assist the [SEC] in identifying those records as to which the individual is seeking information or access," and "[w]here practicable, the individual should identify the system of records that is the subject of his request by reference to the [SEC's] notices of systems of records, which are published in the Federal Register."  17 C.F.R. §

6

200.303(a)(1).  When the requester seeks amendment of SEC records, he not only must "reasonably describe the record sought to amended or corrected," 17 C.F.R. § 200.306(a)(1), but also "specify the substance of the amendment or correction and set forth facts and provide such materials that would support his contention that the record pertaining to him as maintained by the [SEC] is not accurate," *id*. § 200.306(a)(2).  If the SEC denies a request for amendment or for correction of records, it must advise the individual promptly in writing of its reasons.  *Id*. § 200.307(e).  An adverse determination can be appealed administratively to the Office of Information and Privacy Act Operations.  *See id*. § 200.308(a).

      Defendant represents that Plaintiff did not respond to the SEC's June 18, 2014 letter.  Def.'s Mem. at 6; *see* Reply in Resp. to Pl.'s Resp. to the Sec. & Exch. Comm'n's Mot. to Dismiss,ECF No. 12, at 3.  Because Plaintiff neither disputed the letter nor otherwise demonstrated his compliance with the relevant SEC regulations, the SEC moves to dismiss Count I.  *See* Def.'s Mem. at 6-7.  Plaintiff claims to have responded to the SEC's June 18, 2014 letter.  *See* Pl.'s Opp'n, Ex. (Letter to SEC from plaintiff dated June 20, 2014).  Further, he asserts that he "has been very specific . . . as to the specific documents [he] requests," yet these documents "have never been procured, or do not exist, or if they do, are forged an unauthentic."  *Id*. at 5.  Even if Plaintiff's letter had reached the SEC, the Court notes that it was no more useful than his original Privacy Act request.  Plaintiff neither provides additional information to assist the SEC in identifying the desired records, nor specifies the system of records where he believes the records likely would be maintained.  Furthermore, Plaintiff's June 20, 2014 letter merely claims that the SEC records are inaccurate or inauthentic, without specifying the substance of the amendment he desires and submitting materials supporting his contention that the SEC's records are inaccurate.

7

A proper Privacy Act request is one that complies with the applicable agency regulations. *See Mulhern v. Gates*, 525 F. Supp. 2d 174, 187 (D.D.C. 2007) (dismissing Privacy Act claim for access to records where plaintiff did not submit a proper request consistent with National Reconnaissance Office's Privacy Act regulations); *Thorn v. Soc. Sec. Admin.*, No. 04-1282, 2005 WL 1398605, at *3 (D.D.C. June 11, 2005) (dismissing Privacy Act claims where plaintiff failed to "establish that he exhausted his administrative remedies by submitting his Privacy Act requests to the proper SSA official").  Nothing in the record of this case suggests that Plaintiff's request complied with the SEC regulations, and his failure to exhaust his administrative remedies warrants dismissal of his Privacy Act claim.  *See Johnson v. District of Columbia*, __ F. Supp. 3d __, __, 2014 WL 4443428, at *7 (D.D.C. Sept. 10, 2014) (dismissing Privacy Act claim for amendment of records where "Plaintiff has not shown that he has pursued, let alone exhausted, his administrative remedies under the Privacy Act"); *Thorn*, 2005 WL 1398605, at *2.

  B.  *Enforcement Division Records are Exempt from the Privacy Act's Amendment Provision*

In the alternative, the SEC argues that it "has no obligation to allow inspection [o]f or amend the records because [it] has promulgated regulations exempting" them from the Privacy Act's requirements.  Def.'s Mem. at 7.  Plaintiff does not address this argument in his opposition to the SEC's motion to dismiss, and the Court treats the matter as conceded.  *See Barouch v. U.S. Dep't of Justice*, 962 F. Supp. 2d 30, 68 (D.D.C. 2013) (treating as conceded U.S. Marshals Service's argument that records requested under Privacy Act were exempt from disclosure pursuant to 5 U.S.C. § 552a(j)(2)); *see also FDIC. v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.").

An agency head may promulgate regulations to exempt any system of records within the agency from certain provisions of the Privacy Act, *see* 5 U.S.C. § 552a(k), if the system of records is "investigatory material compiled for law enforcement purposes," *id*. § 552a(k)(2). Pursuant to this authority, the Chair of the SEC has promulgated regulations exempting "information compiled in reasonable anticipation of a civil action or proceeding," 17 C.F.R. § 200.304(f), and records maintained in the SEC's Enforcement Files, *id*. § 200.312(a)(1), from subsections (c)(3), (d), (e)(1), (e)(4)(G), (H), and (I), and (f) of the Privacy Act. Because these files are exempt from the amendment provision of the Privacy Act, *see* 5 U.S.C. § 552a(d), even if Plaintiff had exhausted his administrative remedies, the SEC would not have been obligated to amend or correct any record it maintained pertaining to Plaintiff or the enforcement proceedings against him. *See, e.g., Utah-Gas & Oil, Inc. v. SEC*, No. C-77-0344, 1980 WL 1363, at *2 (D. Utah Jan. 9, 1980) (noting that SEC's Privacy Act regulations exempt "investigatory material compiled for law enforcement purposes" from 5 U.S.C. § 552a(d) and plaintiff had failed to show that information requested fell outside of that exemption).

III. CONCLUSION

Because the complaint fails to state a Privacy Act claim upon which relief can be granted, and because dismissal of the remaining counts is warranted, the Court will grant the SEC's motion to dismiss. An Order is issued separately.

/s/
TANYA S. CHUTKAN
DATE: July 6, 2015                         United States District Judge